UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| NICHOLAS ENGLAND and RACHEL ENGLAND, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 4:19-cv-00110 |
| MED-1 SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes NICHOLAS ENGLAND ("Mr. England") and RACHEL ENGLAND ("Ms. England") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MED-1 SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

PARTIES

4.   Plaintiffs are a married couple and consumers and over-the-age of 18 residing in Floyd County, Indiana, which falls within the Southern District of Indiana.

5.   Plaintiffs are "person[s]," as defined by 47 U.S.C. §153(39).

6.   Defendant "manages bad debt collection needs"[1] with its headquarters located at 517 US Highway 31 North, Greenwood, Indiana.  Defendant is in the business of collecting consumer debts for others, including debts allegedly owed by Mr. England.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9.   Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

FACTS SUPPORTING CAUSES OF ACTION

10. Several months ago, Mr. England received medical services from Community Health Network ("CHM").

11. Due to financial hardship, Mr. England fell behind on his scheduled payments to CHM, thus incurring debt ("subject debt").

---

[1] http://revonecompanies.com/services/bad-debt-and-legal-collections/

12. Around the summer of 2018, Defendant began to collect upon the subject debt from Mr. England.

13. Mr. England received debt collection e-mails from no-reply@senditcertified.net.

14. The e-mails from no-reply@senditcertified.net contain the following subject line: "COMMUNITY HEALTH NETWORK Billing Information[.]"

15. The above-referenced e-mails prompted Mr. England to "click" on the supplied link, which would load to debt collection correspondence from Defendant.

16. An unsophisticated consumer would be confused by Defendant's e-mails as they purport to originate from the original creditor instead of a debt collector, but yet, upon clicking the link, the correspondence is clearly from Defendant.

17. Thereafter, around early May of 2019, Defendant telephonically contacted Ms. England to collect upon the subject debt.

18. Defendant falsely stated to Ms. England that Mr. England previously made arrangements to address the subject debt and asked her to make a payment.

19. Believing that her husband had actually made payment arrangements with Defendant, Ms. England agreed to make a $108.00 payment, to be withdrawn from her checking account on May 10, 2019.

20. Despite the fact that Ms. England clearly stated that payment was to be withdrawn on May 10, 2019, payment was withdrawn before that date, thus causing financial hardship at the moment payment was taken from Plaintiffs' bank account.

21. Accordingly, Plaintiffs became frustrated and confused over Defendant's conduct and spoke with Sulaiman regarding their rights.

22. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, not having access to certain funds because of Defendant's unlawful withdrawal, and emotional distress.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, and association of debt collectors, since 2004.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

---

[2] https://www.acainternational.org/search#memberdirectory

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant falsely represented to Ms. England that Mr. England had arranged to make payments to Defendant. This false assertion caused Ms. England to agree to make a payment of $108.00. Upon disclosing their banking information, Ms. England specifically stated that payment was to be withdrawn on May 10, 2019. Nevertheless, Defendant extracted before the agreed upon date, causing harm to Plaintiffs.

31. Defendant further violated §1692e, and e(10) when it masqueraded as the original creditor when it designed its debt collection e-mails to appear as if they were sent from the original creditor. By making these false assertions, Defendant was attempting to artificially provide itself with legitimacy by deceptively representing to Mr. England that the original creditor, instead of a third-party debt collector, was attempting to collect upon the subject debt. These e-mails were designed to deceptively extract payment from Mr. England.

### b.  Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f by employing unfair means to collect the subject debt from Plaintiffs. Specifically, it was unfair for Defendant to employ deceptive debt collection methods designed to place undue pressure on Plaintiffs to make a payment.

WHEREFORE, Plaintiffs, NICHOLAS ENGLAND and RACHEL ENGLAND, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.   Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.   Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e.   Enjoining Defendant from further contacting Plaintiffs; and

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34.  Plaintiffs repeat and reallege paragraphs 1 through 33 as though fully set forth herein.

35. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in unfair, abusive and deceptive practices through its systematic collection efforts towards Plaintiffs.

36.  The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

37.  Plaintiffs are "person[s]" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

38.  Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

39.  Defendant's collection efforts directed towards Plaintiffs were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

40.  Defendant engaged in unfair, abusive, and deceptive behavior in its interactions with Plaintiffs. Through its unfair and deceptive conduct, Defendant masqueraded as the original creditor based on the contents and format of the e-mails it sent to Mr. England. Moreover, Defendant made false statements to Ms. England to deceptive collect upon the subject debt.

41. In violating the FDCPA, Defendant further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(20).  "In other words, an IDCSA claim may be based on

one or more of the acts *or* representations on the list. A claim may be based only on an enumerated

act, and not a representation at all." *Anderson v. O'Leary Paint Co.*, No. 3:10 CV 269, 2011 U.S.

Dist. LEXIS 110837, at *17 (N.D. Ind. Sep. 28, 2011).

42. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may
> bring an action for the damages actually suffered as a consumer as
> a result of the deceptive act or five hundred dollars ($500),
> whichever is greater. The court may increase damages for a willful
> deceptive act in an amount that does not exceed the greater of: (1)
> three (3) times the actual damages of the consumer suffering the
> loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

43. Defendant's conduct was an incurable deceptive act for purposes of the IDCSA. Defendant

made a series of deceptive and unfair misrepresentations. Defendant's collection methods are part

of an artifice or scheme with the design to mislead Plaintiffs, as such conduct was clearly designed

to instill an undue sense pressure within Plaintiffs with the hope such pressure would compel

Plaintiffs to submit payment. Defendant's deceptive methods were effective in extracting payment

from Ms. England and subsequently harming Plaintiffs by withdrawing funds from their accounts

before the date Ms. England and Defendant agreed upon.

44. Upon information, Defendant conducts the above-described behavior on a wide and

frequent basis. This behavior is extremely unfair and abusive, and goes against the state's goal of

preventing debt collectors from engaging in unfair and deceptive conduct.

WHEREFORE, Plaintiffs, NICHOLAS ENGLAND and RACHEL ENGLAND, respectfully

requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the
   aforementioned statutes and regulations;

b. Awarding Plaintiffs damages, in an amount to be determined at trial, as provided under
   I.C. 24-5-0.5-4(a)(1)(2);

c.  Awarding Plaintiffs costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d.  Enjoining Defendant to cease contacting Plaintiffs; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 20, 2019                                        Respectfully submitted,

s/ Nathan C. Volheim                                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                    *Counsel for Plaintiff*
Admitted in the Southern District of Indiana               Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com