UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| NICHOLAS ENGLAND, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00110-JMS-DML |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## Order Setting Initial Pretrial Conference

This case is assigned for an initial pretrial conference by telephone on **September 20, 2019, at 3:00 p.m. (Eastern Time),** before United States Magistrate Judge Debra McVicker Lynch. The court will contact counsel by separate email through the court's electronic filing system with the call-in information to be used to participate in the conference.

**Read this entire order carefully; it sets out the court's expectations for the conference.**

### Who must attend the initial pretrial conference ("IPTC")

- Counsel who participate in the IPTC must have thorough knowledge of the case, must have an appearance on file, and must be registered for CM/ECF.

- Clients are not required (but are permitted) to participate in this conference.

### Rule 26(f) conference

- An IPTC is not a substitute for the conference required by Fed. R. Civ. P. 26(f). In addition to and in advance of their submission of a proposed case management plan (see below), counsel must confer and plan for discovery as required by Fed. R. Civ. P. 26(f)(2) and (3).

- The court will not require adherence to the conference timing provisions of Fed. R. Civ. P. 26(f)(1), so long as the conference is completed in addition to and in advance of submission of the proposed case management plan.

- Submission of a written report of the Rule 26(f) conference, as provided by section (f)(2), is not required, but counsel should expect to provide an oral report at the IPTC.

**Proposed case management plan ("CMP")**

- No fewer than seven days before the IPTC, counsel must file a proposed CMP.

- The general format for the CMP is provided by the court's uniform CMP, which can be found on the court's website, www.insd.uscourts.gov.

- The court encourages counsel to consider whether there are good reasons to depart from particular provisions of the uniform CMP and to frame a CMP appropriate for the case at hand.

- With regard to the discovery of electronically-stored information ("ESI"), every CMP must include, *at a minimum*, (1) a statement of the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other ESI issues the parties believe may be relevant to discovery in the case, and (3) a claw back provision.

**Other matters for counsel to address with specificity at the IPTC**

- All factual and legal matters pertinent to claims, defenses, and damages

- The nature and scope of discovery, including any particular issues counsel anticipate

- Settlement, including identification of discovery necessary for parties to evaluate the case for settlement purposes

- When a substantial volume of ESI is expected, detailed consideration of related issues, including types, sources, preservation, accessibility, plan for collection, search protocol, management software, costs, and sequencing

- Whether and how many expert witnesses will likely be used

- The need for a stipulated protective order

    So ORDERED.

    Date: 8/26/2019

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system